Shaw, C. J.
By the Rev. Sts. c. 90, § 44, no personal action shall be maintained against any person out of the state, at the time of the service of the summons, unless he shall have before been an inhabitant of the state, or unless an effectual attachment of property is made on the original writ. By a clear.implication, an action will lie in either of these excepted cases, and that such was the intention of the legislature is manifest from the report of the revising commissioners, in their comments upon the corresponding section (c. 90, § 39) in their report. By § 45 of the same chapter it is provided, that service shall be made by leaving a summons at the defendant’s last and usual place of abode.
In the present case, a summons was left at the last and usual place of abode of the plaintiff in error in Roxbury. This was sufficient to give the court, to which the writ was returnable, jurisdiction of the action and of the parties. The fact, therefore, assigned for error, to wit, that the original defendant was not an inhabitant of the state, and was out of the commonwealth, at the time of the .service of the writ, is no error, and no cause for reversing the judgment.
2. Another error assigned is, that the defendant had no notice of Ihe suit. This is a pure allegation of matter of fact, which does not and cannot appear, one way or the other, on the face of the record, and, therefore, if material, is open t<? proof by any competent evidence. Upon this point, paroi evidence was undoubtedly competent, and upon the evidence stated, it is clear that the fact assigned for error was disproved.
3. The other error assigned is, that the action was not continued one term at least after the return term. There seems *55 to be no absolute direction that there shall be such a continuance. The Rev. Sts. c. 92, § 3, provide that if a defendant is not an inhabitant of the state, or has no last and usual place of abode within the same, the court, upon suggestion thereof being made, and the facts appearing by the officer’s return, shall order the action to be continued from term to term, until notice shall have been given in such manner as the court may order.
But this and all similar provisions for giving an absent defendant actual notice, wfiere the service is such as to hold the defendant amenable, and to give the court jurisdiction of the case and of the parties, are provisions for the security and benefit of the defendant, and may be waived by him. It, therefore, follows, that after such service giving jurisdiction, a judgment by consent is valid : consensus tollit errorem.
The authority, cited for the position that a judgment without one continuance is erroneous, if the plaintiff in error was out of the commonwealth at the time of the service of the writ, is the case of Blanchard, v. Wild, 1 Mass. 342. That case was upon the old statute of 1797, c. 50, (passed February 1798,) by which it was provided, that if the defendant was out of the state, and should not return before the time of trial, the court should continue the action to the next term, on a suggestion of the fact being made on the record. In the assignment of errors in that case, this fact was stated, in addition to that of being out of the state at the time of the service, and the plea in nullo est erratum was an admission of the fact. That statute made it imperative on the court, to continue the action one term. It was also held to be the • plaintiff’s duty to suggest the fact on the record, and if he failed to do so, and took judgment at the first term, he did it at his peril, and the judgment would be erroneous.
The present statute is manifestly different in its provisions. But were the present statute in the same terms with the former, this judgment would not be erroneous, because it is not averred in the assignment of errors, that the original defendant did not return into the state, in time for the trial, and according to the evidence stated in the report, such avermen I *56 could not have been made with truth. In the other case cited, Arnold v. Tourtellot, 13 Pick. 172, no legal service of the writ had been made, to give the court jurisdiction.

Judgment affirmed.